SCHWARTZ & WEISNER HOLDING CORPORATION, Respondent, *v.* CHARLES H. FERNALD et al., Appellants.

(Supreme Court, Appellate Term, First Department, November, 1921, Term — Filed January, 1922.)

**Municipal Court of the city of New York — practice — landlord and tenant — increase of rent — where after a trial before a justice without a jury the judgment is set aside, the parties are restored to their status as of time of joinder of issue — refusal of jury trial upon second trial reversible error — Municipal Court Code, § 118.**

In an action brought to secure an increase in rent the respective defendants, upon pleading, duly demanded a jury

Appellate Term, First Department, January, 1922. [Vol. 117.

trial pursuant to section 118 of the Municipal Court Code. The cause, after being placed upon the general calendar as required by section 95 of said Code, was submitted to one of the justices, who made a decision increasing the rent of several of the defendants fifteen per cent. The judgments entered upon such decision were set aside on motion, upon the ground that defendants' attorney had exceeded his authority in waiving a trial by jury, and the justice, upon conditions not pertinent here, permitted the submission to be withdrawn and remanded the case to the general calendar. *Held,* that by such decision the parties were restored to their original status as of the time of the joinder of issue.

The cases coming on for trial before another justice, he stated that he would not allow a jury trial and the defendants, having taken an exception to such ruling, declined to proceed without a jury and inquests were taken whereby the rentals of defendants were increased on an average of forty per cent. *Held,* that the situation as presented to the second justice was as if no other trial had been had; the decision of the court that a jury trial could not be had was erroneous, and an order entered upon denying defendants' motion to open the defaults and to vacate the judgments entered thereon will be reversed, the motion granted, the judgments vacated and new trials ordered.

Appeal by defendants from an order denying their motion to open a default and to vacate judgments entered thereon.

L. M. Hutchins (Walter Henry Wood, of counsel), for appellants.

H. I. & L. Cohen (Albert De Roode, of counsel), for respondent.

Delehanty, J. I assume, because it is fairly inferable from the papers presented, that at the time of pleading herein defendants duly demanded a jury trial pursuant to section 118 of the Municipal Court Code and that thereupon the cause was placed upon the general calendar of that court, as required by

section 95 of said Code. That thereafter by consent of counsel the cause, which was instituted to secure an increase in rents from the respective defendants, tenants, was submitted to one of the justices for decision. Thereafter the justice made a decision increasing the rent of the several defendants fifteen per cent. Upon learning this a motion was made by defendants to set aside the judgments entered upon said decision on the ground that their attorney had exceeded his authority in waiving a trial by jury. The result of that motion was that the trial justice permitted a withdrawal of the submission upon certain conditions, not pertinent to the determination of this appeal, and remanded the case to the general calendar. This calendar, as provided by the Municipal Court Code, is made up of both jury and non-jury causes. By that decision, it seems to me, the parties were restored to their original status as of the time of joinder of issue. In due course of time the cases came on for trial before another justice and all parties appearing and announcing their readiness for trial the justice stated that he would not allow a jury trial and, defendants duly excepting thereto and declining to proceed without a jury, inquests were taken whereby the rentals of defendants were increased on an average of forty per cent. Thereafter a motion was made to open said defaults which was denied and from the order entered thereon this appeal is taken. We are not interested in the real motive of defendants which led up to their application to set aside the submission of the controversy to the first justice and may well assume that if the decision of the court in the first instance had been favorable to the defendants, that they would have been content therewith and not raised the point now urged that there has been an invasion of their constitutional right to a trial by

37

Appellate Term, First Department, January, 1922. [Vol. 117.

jury. However, we believe that the situation as presented to the second justice was as if no other trial had been had and defendants having at the time of joinder of issue demanded and deposited the fee for a jury trial that the trial justice should have accorded them the right thereto. The facts fail to show, as contended by plaintiff, that there was any general waiver by defendants of a jury trial nor was there an abandonment of the causes by virtue of the refusal to proceed to trial when the court erroneously decided that a jury trial could not be had. That ruling having been duly excepted to the rights of defendants were protected thereby and they were justified in adopting the course then pursued. The situation presented cannot be magnified into anything more than an ordinary default from which defendants should be relieved. The order appealed from should be reversed. Motion granted, judgment vacated and new trial ordered, with ten dollars costs to appellant to abide the event.

Lehman and Whitaker, JJ., concur.

Motion granted, judgment vacated and new trial ordered, with ten dollars costs to appellant to abide event.